**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOROTHY SHACKLEFORD,

    Plaintiff,

                                Case No.

v.

                                Hon.

THE KROGER COMPANY,

    Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

**COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Dorothy Shackleford (hereinafter "Plaintiff"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Dorothy Shackleford, is a resident of the City of Mt. Clemens, County of Macomb and State of Michigan.

2.    Defendant, The Kroger Co. ("Kroger"), is a foreign profit corporation company whose registered agent is CSC-Lawyers Incorporating Service, whose

resident office is located 3410 Belle Chase Way, Suite 600, in the City of Lansing, County of Ingham, State of Michigan.

3.      The events producing the original injury occurred in Wayne County in the Eastern District, Southern Division of Michigan.

4.      Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendants constituting age discrimination, retaliation, hostile work environment and adverse employment action to the Plaintiff in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, _et seq._ ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

5.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, there is a federal question pursuant to the ADA and the ADEA and jurisdiction and venue are otherwise proper in the United States District Court, Eastern District of Michigan and Southern Division.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.      Plaintiff, Dorothy Shacklefford is a seventy-six (74 female who began her employment with Defendant on May 3, 2002 and was most recently employed Baker's Manager.

2

8.     Plaintiff began her employment at the Kroger at 16 and Grosebeck where she worked under 2015 when she was transferred to the 8 Mile and Harper Avenue store.

9.     In 2023 a new store manager began working at Plaintiff's store and immediately began targeting Plaintiff due to her age.

10.     He would continuously ask her "how long have you been here" and "how long are you gonna stay."

11.     Everyone in the store would tell Plaintiff he was targeting her and wanted to get rid of her due to her age.

12.     In November 2025 Plaintiff was suspended pending investigation for allegedly using her phone in the store.

13.     Prior to her suspension, Plaintiff had no other written disciplinary actions against her.

14.     Plaintiff was treated differently than similarly situated younger employees and saw 4-5 employees in the 30's and 40's also using their phones at the time she was disciplined.

15.     Prior to Plaintiff's suspension, there had been no other Kroger employees disciplined for using their phone at the 8 Mile and Harper Avenue store.

16.     Plaintiff was terminated on December 7, 2025 due to her age and replaced by a younger woman in her 30's.

17.    Plaintiff was terminated for allegedly using her phone in the store while other similarly situated younger employees in their 30's and 40's were not terminated, or even disciplined for using their phones.

18.    During the time period in question, Kroger was Plaintiff's employer and Plaintiff was their employee within the meaning of the ADEA and the ELCRA.

19.    Defendant, Kroger, is responsible for all acts committed by their agents, representatives and employees within the scope of their employment.

20.    Defendant, through its agents, representatives and employees were predisposed to harass Plaintiff on the basis of her disability and age and acted in accordance with that predisposition.

21.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

22.    On January 15, 2026 the EEOC issued Plaintiff a Right to Sue letter, granting Plaintiff the right to bring suit against Defendant for violations of the Age Discrimination  in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621.

## COUNT I
## AGE DISCRIMINATION

23.    Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

4

24.     Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 Plaintiff is guaranteed the right to be free from discrimination and/or termination from her employer and/or supervisors based upon her age.

25.     Plaintiff's age was a factor in Defendants' employment decisions, including adverse employment actions and termination.

26.     Defendant was Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

27.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action based upon her age by Defendants creating a hostile work environment by Defendant and its employees.

28.     The age discrimination, hostile work environment, retaliation and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

29.     Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

30.   Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff based upon her age.

31.   The age discrimination and conduct by Defendant Rose and Defendant, Rose's failure to take any remedial action violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

32.   As a proximate result of the age discrimination and conduct by Defendant and Defendant failure to take remedial action against the age discrimination, retaliation and conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

33.   Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to the ADEA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant, in an amount in excess of $75,000.00, plus punitive and

6

exemplary damages, together with costs, interest and attorney fees and any other

relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:          March 30, 2026

7

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, Dorothy Shackleford, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: March 30, 2026